Herbert, J.,
dissenting. The majority opinion recites briefly the history of former Section 8035, General Code (origin *147 ally passed in 1893 as Section 3140-1, Revised Statutes), and its invalidation by the decision of this court in the West case, its subsequent repeal in 1951 and re-enactment as Section 8005-7, General Code (see 124 Ohio Laws, 178, 196), and recodification as Section 3109.07, Revised Code.
That opinion concedes that this section is not comprehensive. It provides no manner of review or any period within which a notice of appeal must be filed, nor does it even fix a time for furnishing a bond. Admittedly, resort must be had to other provisions of the Appellate Procedure Act to implement an appeal such as the one under consideration here.
The conclusion is then reached that the word, ‘ ‘ appeal, ’ ’ as used by the General Assembly in its 1951 enactment, did not have a pre-1912 meaning but rather a 1951 meaning, with which conclusion the minority are in accord. Nevertheless, the majority view is based on the reincarnated, incomplete and indefinite statute instead of the clear specific provisions of the Appellate Procedure Act.
Paragraph four of the syllabus, while giving to the word, “appeal,” the meaning specified in subdivision (A) of Section 2505.01, Revised Code, does not go further and classify such an appeal as falling under either subdivision (B) or (C).
In Section 3109.07, Revised Code, no mention is made of either an appeal on questions of law or an appeal on questions of law and fact. Although not specifically stated, the import of the majority opinion would seem to be that the General Assembly in its 1951 enactment did not intend this appeal to be one on questions of law and fact, but rather on questions of law alone.
Certainly, if we reject, as we do, the pre-1912 meaning of the word, “appeal,” and accept a 1951 meaning, reading into Section 3109.07 certain of the provisions of the Appellate Procedure Act in order to implement an appeal such as the one under consideration here, we cannot disregard the provisions of Section 2505.23, Revised Code, requiring that “whenever an appeal on questions of law and fact is taken in a case in which it is determined by the appellate court that the appellant is not permitted to retry the facts, the appeal shall not be dismissed, but it shall stand for hearing on appeal on questions of law.”
*148 No bond being required for an appeal on questions of law, failure to file a bond in the instant ease should not be held fatal.
The confusing result of the decision arrived at here is that proceedings involving the custody of children following a divorce will be the only type of ordinary civil action requiring a bond for an appeal on questions of law alone.
Weygandt, C. J., and Zimmerman, J., concur in the foregoing dissenting opinion.